**FILED**
**Aug 20, 2021**
**07:57 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | | |
|---|---|---|
| **NEIKER MORILLO,** | ) | **Docket No. 2020-05-0824** |
| **Employee,** | ) | **2020-05-0824A** |
| **v.** | ) | **2020-05-0824B** |
| **DANIEL BARRON d/b/a ALL** | ) | |
| **AROUND HVAC SERV., LLC** | ) | |
| **Employer,** | ) | **State File No. 5479-2020** |
| **And** | ) | |
| **THE HARTFORD INS. CO.,** | ) | |
| **LIBERTY MUTUAL INS. CO.,** | ) | |
| **TEXAS MUTUAL INS. CO.** | ) | **Judge Robert Durham** |

## COMPENSATION ORDER GRANTING PARTIAL SUMMARY JUDGMENT

This case came before the Court on August 18, 2021, on the partial summary judgment motions of Liberty Mutual and The Hartford. As grounds, Liberty Mutual and The Hartford asserted they did not provide workers' compensation insurance for Mr. Barron for the Nissan project where Mr. Morillo was working at the time of his alleged injury on July 8, 2020. Considering the evidence, the Court grants the partial summary judgment motions and dismisses Mr. Morillo's claim against Liberty Mutual and The Hartford.[1]

### Facts

Mr. Morillo alleged he suffered an injury to his left hand on July 8, 2020, while working for Mr. Barron at the Nissan plant in Smyrna, Tennessee. Liberty Mutual and The Hartford each filed affidavits and Statements of Undisputed Facts asserting that,

---

[1] Mr. Morillo also alleged that Mr. Barron had workers' compensation insurance through Texas Mutual Insurance Company. When Texas Mutual received notice of the Petition for Benefit Determination, it sent correspondence to the mediator asserting that Texas Mutual only insures Texas claims, and Tennessee does not have jurisdiction over Texas Mutual. However, Texas Mutual has not filed anything with the Court seeking dismissal of Mr. Morillo's claim against it.

1

while they provided workers' compensation coverage to Mr. Barron for other projects in Tennessee, they did not provide insurance for any work performed at the Nissan plant. Neither Mr. Morillo nor Mr. Barron filed affidavits or responses to the Statements of Undisputed Facts contesting the assertions of Liberty Mutual and The Hartford.[2]

## Analysis

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. To meet this standard, Liberty Mutual and The Hartford must either: (1) submit affirmative evidence that negates an essential element of Mr. Morillo's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101; *see also Rye v. Women's Care Ctr. of Memphis*, *MPLLC,* 477 S.W.3d 235, 264 (Tenn. 2015). If Liberty Mutual and The Hartford satisfy this burden, Mr. Morillo must then show that the record contains specific facts upon which a trier of fact could base a decision in his favor. *Rye*, at 265.

Here, no one opposed the motions of Liberty Mutual and The Hartford. As required by Rule 54.02 of the Tennessee Rules of Civil Procedure, the Court finds that there is no just reason for delay in directing entry of final judgment as to Liberty Mutual's and The Hartford's liability in this claim. Given the undisputed facts, the Court holds that Liberty Mutual and The Hartford are entitled to summary judgment as a matter of law and are not liable for providing workers' compensation benefits to Mr. Morillo.

IT IS, THEREFORE, ORDERED that:

1. The Court grants the partial summary judgment motions of Liberty Mutual and The Hartford and dismisses them with prejudice.

2. The Court directs entry of final judgment dismissing Mr. Morillo's claims against Liberty Mutual and The Hartford. Unless appealed, this Order shall become final in thirty days.

3. The parties shall attend a status conference on September 20, 2021, at 9:00 a.m. C.T. by calling 855-689-9049. Failure to attend may result in the resolution of issues without the party's participation.

IT IS ORDERED.

---

[2] At the hearing, Mr. Barron's counsel stated that Mr. Barron did not have workers' compensation insurance for Mr. Morillo's injury, and he intends to make the general contractor to the Nissan project, Ivey Mechanical, a party to the action.

**ENTERED August 20, 2021**

_____
**Judge Robert V. Durham**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on August 20, 2021.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Neiker Morillo, Employee | | X | Neikermorillo26@gmail.com |
| Drew Saulters, Employee's Attorney | | X | dsaulters@ortalekelley.com |
| Blair Cannon, The Hartford's Attorney | | X | L.Blair.Cannon@thehartford.com |
| Owen Lipscomb, Liberty's Attorney | | X | Owen.Lipscomb@libertymutual.com |
| Vanecia Johnson, Texas Mutual's Attorney | | X | vaneciajohnson@texasmutual.com |

_____
**Penny Shrum, Court Clerk**
**WC.CourtClerk@tn.gov**



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation

[www.tn.gov/workforce/injuries-at-work/](www.tn.gov/workforce/injuries-at-work/)

wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*